The opinion of the court was delivered by
Carpenter, J.
This was a Certiorari, directed to the Com *388 mon Pleas of Middlesex, removing the return of a road. The first reason urged for reversal is, that there was no proof that legal notice had been given of the application to the Middlesex Pleas, for the appointment of surveyors. That the notice must be under the hand of the applicant, and that the affidavit or proof of such notice having been duly given, must show such requirement of the statute to have been complied with. That, although the Court of Common Pleas has certified, that due proof was made of advertising the said application according to law, this court will Jook behind this certificate and examine the proof on which it is founded ; and that the judgment of that court is conclusive only of the fact of setting up, but not of the character and sufficiency of the notice.
It is true that the judgment of the Court of Common Pleas is conclusive, as to the fact of the setting up of the advertisement according to law ; but not as to the sufficiency of the advertisements themselves; and this court will look into their contentsin order to see that they are not too vague to effect their object, to wit: to give notice to all concerned of what is intended to be done. State v. Allen, 6 Halst. 104. But the objection is not to the form or sufficiency of the notice itself, but that there is not due proof, that the advertisements were signed in the proper handwriting of the applicant. This, by the very words of the statute, is left to the judgment of the court below, and their judgment is conclusive. If any objection was intended to be raised on this point, it should have been made to the appointment of the surveyors; at any rate this court cannot now look behind the certificate of the court, and examine the proof upon which that certificate and the judgment of the court were based. The State v. Shreeve, 3 Green, 57. Matter of Highway, 3 Har. 292.
There is nothing in the second objection to the oath of William G. Bayles, one of the surveyors. The inadvertence of writing the name JByles in the body of the oath, it being signed by him in his proper name, will not vitiate the oath. In the case of the State v. Ayres, 3 Green, 479, the Chief Justice in delivering the opinion of the court, expressed his disposition to overlook the misspelling and not to treat the oath as a nullity for a mistake of *389 that -character ; though the opinion of the court in that case was based upon another and a different point.
Thirdly. That John B. Story was not legally appointed a surveyor of the highways, by the township committee of South Brunswick; it not appearing by the instrument of appointment that any of the circumstances had occurred requisite to give the committee this authority. That it did not appear that the inhabitants had ever been called together to fill the vacancy, when only they could be considered as having neglected to elect; and the counsel urged that the appointment was void on its very face.
This objection cannot avail. John B. Story came to his office of surveyor of the highways by color of title, and was such de facto. The law is well settled, that the acts of such persons are valid when they concern the public, or the rights of third persons who have an interest in the thing done ; a rule adopted to prevent the failure of justice, in cases of public concern and utility. The limitation to this rule is as to such acts as are arbitrary and voluntary, and do not affect the public utility. So also the rule is extended and acted upon solely for the benefit or protection of the public, or third persons, who may derive rights from acts done by such officer; but the officer himself never acquires right in such character, see King v. Lisle, Andr. 263. Green v. Kleinhans, 2 Green 476. The People v. Collins, 7 Johns Rep. 549. The reasoning founded upon these eases, in which the acts of a surveyor of the highways, who had failed to take the oath prescribed by the statute, have been decided to be void, does not apply. The act, Elm. Dig. 575, sec. 19, prescribes the oath of office of the surveyors of the highways, &c., and a subsequent section, sec. 21, enacts, that if such officer, shall not take and subscribe such oath, and transmit the same, &c., within the time limited, such neglect shall be deemed a refusal to serve, and the township or town committee, may thereupon proceed to a new election. It has been held in this state, upon the express words of the statute, and contrary to the English rule, as well as contrary to the rule as held in New York, that any one who had not taken, subscribed and filed the oath of office, was not legally a surveyor, and that any act performed by him, could not be sanctioned or supported by this court. Matter of public road, *390 South, 396. This doctrine has since, and until the present time, been sustained by this court; butit rests in this particular instance, as to the oath of office, upon the express words of our act, and is not to be extended to the breaking down of the common law rule upon this subject. In New York it has been held, that although commissioners of roads acted without taking the oath required by law, and were thereby liable to a penalty and might have been superseded by the appointment of others, still that their acts were valid, so far as the rights of third persons, and the public were concerned. That they were commissioners de facto, since they came into office by color of title. The People v. Collins, 7 John’s. R. 549.
Lastly. That the beginning and ending points of the said private road, as laid out, are respectively uncertain. Upon inspection of the return, this objection does not appear to be sustained in point of fact. I am of opinion that the return of surveyors be
Affirmed.
Cited in State v. Perkins, 4 Zab. 410; State v. Justice, 4 Zab. 417; State v. Meyers, 5 Dutch. 392; State v. Tolan, 4 Vr. 201.